# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| THOMAS J. WILBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4211-SSA-CV-C-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Thomas J. Wilbers seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. He claims he became disabled beginning on September 19, 2002, because of lumbar pain. The parties' briefs were fully submitted, and on March 29, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Thomas Wilbers was born in 1959, has a high school education and worked for many years as a bricklayer.  In 1998 he injured his back, had surgery and returned to work.  In 2001 he reinjured his back, had another surgery and again returned to work.  His symptoms, however, continued and he ultimately had a third back surgery in 2002.  His back pain improved following the surgery and physical therapy.  His chronic back pain either returned or continued and he reported low back pain, numbness in the left leg, difficulty sitting for longer than fifteen minutes and problems sleeping because of the pain.  In December 2003, he was treated for deep vein thrombosis in the left leg and pulmonary embolism.  He testified to a limited ability to assist with folding the laundry and minor shopping.

The Administrative Law Judge (ALJ) found claimant had severe lumbar disc degeneration and underwent fusion from L4 through S1 and that he could do light work that did not involve climbing or kneeling and more than occasional balancing, stooping, crouching or bending. He also required a sit/stand option.

Wilbers seeks benefits because of back pain and the need to elevate his leg. The issue is not whether he was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991). Here, the ALJ discounted claimant's testimony of the severity of his pain.

In Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), the court identified factors to be used in assessing the credibility of a claimant's allegations of disabling conditions. "The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

    1. the claimant's daily activities;

    2. the duration, frequency and intensity of the pain;

    3. precipitating and aggravating factors;

    4. dosage, effectiveness and side effects of medication;

    5. functional restrictions."

Polaski v. Heckler, 739 F.2d at 1322.

In reviewing the record as a whole, the court is not persuaded the ALJ gave proper consideration to the Polaski factors and did not adequately consider claimant's impairments in combination. Although there was improvement in claimant's back pain at some point following the third surgery, the record indicates continued reports of back pain. Further, the ALJ concluded the left leg thrombosis was well controlled by medication, but the records indicate the condition was chronic and claimant testified to a need to elevate the leg three or four times daily. Dr. Robson's medical source statement was prepared prior to the treatment for thrombosis and was not updated afterward. Claimant's limited daily activities, his return to work after the first two surgeries and his attempt to return to work after the third surgery suggest claimant is not a malingerer who chooses not to work. Nevertheless, an award of benefits is not warranted

3

without further consideration by an ALJ of the Polaski factors; further development of the record, if necessary, with regard to claimant's thrombosis and need to elevate his leg; and consideration of the combination of claimant's impairments.

Accordingly, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further consideration, as set forth above.

Dated this 31st day of March, 2006, at Jefferson City, Missouri.

/s/ William A. Knox

WILLIAM A. KNOX
United States Magistrate Judge